FILED
United States Court of Appeals
Tenth Circuit

December 22, 2011

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT
_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MICHAEL MCCALISTER,

Defendant - Appellant.

No. 11-5141
(D.C. Nos. 4:02-CV-00368-TCK-SAJ and
4:99-CR-00020-TC-1)
(N.D. Okla.)

_____

ORDER AND JUDGMENT[*]
_____

Before **BRISCOE**, Chief Judge, **MURPHY** and **MATHESON**, Circuit Judges.
_____

Petitioner Michael L. McCalister, a federal prisoner appearing pro se,[1] appeals

from the district court's denial of his motion to reopen an 28 U.S.C. § 2255 petition under

Rule 60(b) of the Federal Rules of Civil Procedure. Because Mr. McCalister's "Rule

_____

**\*** After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because Mr. McCalister is proceeding pro se, we construe his pleadings liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *see also United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009) ("[W]e must construe [a pro se litigant's] arguments liberally; this rule of liberal construction stops, however, at the point at which we begin to serve as his advocate.").

60(b)" motion is properly characterized as a second or successive § 2255 petition, we construe Mr. McCalister's appeal and appellate brief as an application for authorization to file a second or successive § 2255 petition, deny authorization, and vacate the district court's order for lack of subject matter jurisdiction.

## I.  BACKGROUND

In September 1999, Mr. McCalister was convicted of conspiracy to possess with intent to distribute controlled substances in violation of 21 U.S.C. § 846.  The district court sentenced him to 290 months of imprisonment.  We affirmed Mr. McCalister's conviction and sentence on direct appeal.  *See United States v. Busby*, 16 Fed Appx. 817, 825-27 (10th Cir. 2001) (unpublished).

On May 10, 2002, Mr. McCalister filed a petition for writ of habeas corpus under 28 U.S.C. § 2255, which the district court denied.  In 2006, we affirmed the district court's denial.  *See United States v. McCalister,* 165 Fed Appx. 599, 611 (10th Cir. 2006) (unpublished).

On September 21, 2011, Mr. McCalister filed a motion in the district court titled "Motion for Reconsideration of the Denial of Petitioner's Motion for Equitable Relief From Judgment of the District Court Denying Habeas Petition and Request to Reopen § 2255 Pursuant to Rule 60(b)(4) & (d)(1) of the Fed. R. Civ. Pro. and the Supreme Court Rule Announced in *Gonzales v. Crosby*."  In the motion, Mr. McCalister argued that both the district court and this court erred in resolving his previous § 2255 petition. The district court denied Mr. McCalister's motion in a minute entry.  Mr. McCalister filed a motion to reconsider.  The district court denied the motion to reconsider, stating:

2

> Defendant seeks to "present[] issues raised in his initial 2255 that were not addressed by the habeas court." In its Order dated February 1, 2006 affirming this Court's denial of Defendant's 28 U.S.C. § 2255 motion . . ., the Tenth Circuit adequately addressed all issues raised in Defendant's latest submission. Defendant has not presented any evidence or argument that warrants reconsideration or reopening of Defendant's § 2255 proceeding. Therefore, Defendant's Motion for Reconsideration of the Denial of Petitioner's Motion for Equitable Relief from Judgment of the District Court Denying Habeas Petition and Request to Reopen 2255 . . . are DENIED.

*United States v. Michael McCalister*, No. 99-CR-20-TCK (N.D. Okla. Sept. 28, 2011) (order denying motion for reconsideration).

Mr. McCalister filed a timely notice of appeal challenging the district court's denial of his motion.

## II. DISCUSSION

Rule 60(b) of the Federal Rules of Civil Procedure allows a party to seek relief from a final judgment in a limited set of circumstances, including mistake, newly discovered evidence, fraud, or "any other reason that justifies relief." We have previously explained that a Rule 60(b) motion filed in a § 2255 proceeding may be a "true" Rule 60(b) motion or instead a second or successive § 2255 petition filed under the auspices of Rule 60(b). *See Spitznas v. Boone*, 464 F.3d 1213, 1215-16 (10th Cir. 2006). Such a motion is a "true" Rule 60(b) motion if it: "(1) challenges *only* a *procedural* ruling . . . which precluded a merits determination of the habeas application, or (2) challenges a defect in the integrity of the . . . habeas proceeding, provided that such a challenge does not itself lead . . . to a merits-based attack on the disposition of a prior

3

habeas petition." *Id.* (emphasis added and citations omitted). By contrast, "a [Rule] 60(b) motion is a second or successive [habeas] petition if it in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction." *Id.* at 1215. "If . . . the district court has incorrectly treated a second or successive petition as a true Rule 60(b) motion and denied it on the merits, we will vacate the district court's order for lack of jurisdiction and construe the petitioner's appeal as an application to file a second or successive petition." *Id.* at 1219.

In *Spitznas*, we explained that one "example[] of [a] Rule 60(b) motion[] that should be treated as [a] second or successive habeas petition[] . . . is a motion 'seeking vindication of' a habeas claim by challenging the habeas court's previous ruling on the merits of that claim." *Id.* at 1216. (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 531 (2005)). This is precisely what Mr. McCalister sought to do in his September 21, 2011 motion.

In his motion, Mr. McCalister asserted two broad claims: First, he argued that "the district court failed to address whether counsel was constitutionally effective for failing to raise an *Apprendi* claim on direct appeal challenging [his] indictment's failure to allege drug type or drug quantity as required by the Fifth and Sixth Amendments of the United States Constitution." Second, he argued that "the district court acted in a manner inconsistent with fundamental due process of the law by failing to make a determination as to whether petitioner was entitled to an evidentiary hearing" and by failing "to make factual determinations and conclusions of law as to each claim presented to determine

4

whether . . . petitioner is entitled to relief as required by 28 U.S.C. § 2255(b)."[2]  Neither

of these claims concern procedural issues.  Rather, both claims seek to raise a "merits-

based attack on the disposition of a prior habeas proceeding."  *See Spitznas*, 464 F.3d at

1216.  Because Mr. McCalister's motion seeks "vindication of a habeas claim by

challenging the habeas court's previous rulings on the merits of that claim," *see id.* at

1216 (quotations omitted), it is not a "true" Rule 60(b) motion.  *See id.*  We therefore

construe Mr. McCalister's appeal and appellate brief as an application for authorization

to file a second or successive § 2255 petition.

The Antiterrorism and Effective Death Penalty Act strictly limits a prisoner's

ability to file a second or successive § 2255 petition.  *See* 28 U.S.C. § 2244.  "Before a

petitioner may file a second or successive [§ 2255] petition, he must successfully apply to

this court for an order authorizing the district court to consider the petition."  *Spitznas*,

464 F.3d at 1215.  Title 28 U.S.C. § 2255(h) states that a circuit court may certify a

second or successive § 2255 petition only when the petition contains:

> (1) newly discovered evidence that, if proven and viewed in
>     light of the evidence as a whole, would be sufficient to
>     establish by clear and convincing evidence that no
>     reasonable factfinder would have found the movant guilty
>     of the offense; or

---

[2] Several of the arguments raised in Mr. McCalister's motion and briefing on appeal concern this court's order and judgment in *United States v. McCalister,* 165 Fed. Appx. 599, 611 (10th Cir. 2006), which concerned his previous § 2255 petition. Following issuance of that order and judgment, Mr. McCalister had 14 days to file a petition for rehearing or rehearing en banc to raise his claims of error.  *See* Fed. R. App. P. 35(c), 40(a)(1).  But he did not do so.  Whether construed as a Rule 60(b) motion or a second or successive § 2255 motion, Mr. McCalister's September 21, 2011 motion is not a proper vehicle for alleging error on the part of this court.  We therefore do not address his arguments concerning our prior order and judgment.

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

In his briefing, Mr. McCalister does not allege that his claims are based on newly discovered evidence or on a new rule of constitutional law. He has therefore failed to satisfy the requirements for certifying a second or successive § 2555 petition.

## III. CONCLUSION

We construe Mr. McCalister's appeal as an application to file a second or successive § 2255 petition and DENY that application. This denial "shall not be the subject of a petition for rehearing or for a writ of certiorari." 28 U.S.C. § 2244(b)(3)(E). Because Mr. McCalister's motion is not a "true" Rule 60(b) motion, we VACATE the order of the district court for lack of subject matter jurisdiction. Mr. McCalister's motion to supplement the record on appeal is GRANTED and his motion to proceed *in forma pauperis* is DENIED.

ENTERED FOR THE COURT


Scott M. Matheson, Jr.
Circuit Judge

6